40. The defendants in this case acted personally and in their supervisory capacities in their acts and omissions which is proven by their non-compliance with the mandated duties of their position. Heidi Moran, when advised that Theodore Clarke was at Wallpole State Prison, Wallpole, MA. Said she could not find out if he was at Wallpole as her computer only referenced inmates in Pennslyvania. This is not true as every state court has access to a computer that provides criminal backgrounds of inmates.

41. As the above defendants deprived Bjorn of her Constitutional rights for such a long period of time their acts and omissions became a policy and customary way of not complying with the mandates of their position.

42. Conclusion

In conclusion, I state the facts proven above indisputably show that jurisdiction by this Court over the above defendants is warranted; their acts and omissions were purposeful and show a pattern throughout Schuylkill County Children & Youth Services of deprivation of a person's Constitutional guaranteed rights even though Federal Law and Acts of Congress mandate otherwise. It appears that if an investigation into the acts of the defendants it would result in many untruths advanced to the Court in violation of the False Statement Law as will be proven in this case. After digesting the above facts the Court should determine that Bjorn will prevail in her claims for relief as I believe I will if allowed to argue my case before a competent jury.

## CLAIMS FOR RELIEF

43  Plaintiff hereby realleges and incorporates by reference allegations contained above in paragraphs 1 through 42.

44  The acts and omissions committed by the above defendants have deprived the plaintiff of her Constitutional rights as recited above

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant the following relief:

(1) Declare the rights of the parties as described above

(2) Allow her to be reunited with her children, Joey and Bryan Bjorn

(3) Grant her just compensation for the expenses incurred traveling to and from Pottsville PA a distance of 750 miles each way during the three years she was required to attend meetings and court appearances in an effort to be reunited with her children.

(4) Grant her such other relief as deemed just and fair by this Honorable Court.

Respectfully submitted
By the Plaintiff, Pro se

Dated April 28, 2004

*Sheila A. Bjorn* (signature)
Sheila A. Bjorn, Pro se
20 Falvey Street
West Springfield, MA 01089
Tel 413-788-9478

### VERIFICATION

I, Sheila A. Bjorn, under the penalties of perjury, and after being duly sworn according to Law, hereby certify that the information and statements contained herein in this civil action, are true to the best of my knowledge, information and belief.

17

Signed under the penalties of perjury this 6th day of May, 2004 at 20 Falvey Street, West Springfield, MA 01089.

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served a true copy of the above document to all defendants in the above matter by certified mail, return receipt requested, postage prepaid.

Sheila A. Bjorn

*Sheila A. Bjorn*

# APPENDIX

**SCHUYLKILL COUNTY CHILDREN & YOUTH SERVICES**
410 North Centre Street   Pottsville PA 17901-1744

| COUNTY COMMISSIONERS | TELEPHONE | GERARD J. CAMPBELL |
|---|---|---|
| Forrest L. Shadle, Chairman | 570-628-1050 | Executive Director |
| Frank Staudenmeier | 1-800-722-8341 | |
| Edward D. Barket | FAX (570) 628-1012 | |
| | TDD (570) 621-9986 | |

## AFFIDAVIT

In the interest of Bryan Bjorn (dob 5/17/95) docketed to No. 1908-2001 and Joey Bjorn (dob 6/7/91) docketed to No. 1907-2001, the mother, Ms. Sheila Bjorn, has reviewed the Placement Plan dated 12/27/03 and Proposals. She has voiced opposition to the Plan. Ms. Bjorn has been advised of appeal rights, rights to counsel and rights to visitation. She may be present and represented by Attorney Gino DiNicola. A copy of the Plan was also provided to the children's guardian ad litem, Attorney James Lewis.

**PRESENT PLACEMENT:** Purchased foster care through KidsPeace.

**REASON FOR PLACEMENT:** The agency began providing interstate supervision for the family in December 2000 when the children returned to their mother's custody from residing with relatives in Massachusetts. There was concern regarding mother's relationship with Theodore Clark, who is a known perpetrator of abuse in Massachusetts. Bryan and Joey were placed into agency care on May 24, 2001 when police assumed custody due to concerns regarding their safety within the home of their mother and deplorable home conditions. On May 25, 2001, the agency was granted emergency custody of the children and they were adjudicated dependent with custody continuing with the agency on June 12, 2001.

The report of suspected imminent risk of sexual abuse naming Joey and Bryan as victims and Ms. Bjorn, Mr. Theodore Clark, Ms. Kimberly Clark and Mr. William Perez III, as perpetrators was investigated and determined to be Indicated. Mr. Clark, Ms. Clark and Mr. Perez have all stated to this worker that Mr. Clark was residing in the home. Ms. Bjorn continues to deny his living there. An Order of Court from the State of Massachusetts prohibited Mr. Clark from having contact with Bryan and Joey.

**PROGRESS IN PLACEMENT/PARENTS' HOME:** Bryan and Joey have continued to do well within their foster home. Bryan attends second grade at Bloomsburg Elementary with supportive services through a full time TSS worker to assist him with his behaviors in the school setting. Bryan is also prescribed medication (Wellbutrin) for ADHD. Joey's behaviors within the foster home have improved. There have been no recent reports of his being aggressive toward classmates. Joey's cooperation with completing homework was also a problem, however improvement has been noted. Joey receives services through a mobile therapist. Joey is not prescribed medication to address his behaviors. The foster parents provide a safe, structured setting and the children are up to date with their medical and dental needs.

Ms. Bjorn left Schuylkill County in October 2001. She continues to report that she is residing in Massachusetts, however no longer with her ex-husband, Mr. Leonard Bjorn, and their adult children. Ms. Bjorn maintains phone contact with this worker and occasionally she calls Bryan and Joey. Over the past six months, she moved from her residence, and had no contact with the agency or her children for a one-month period. She has now reported that she has housing, however she is planning to again move. Ms. Bjorn has indicated that her current living situation is not appropriate for her children, however she provides no further explanation. To date, the agency has pursued interstate compact evaluations on two relatives at Ms. Bjorn's request. The first evaluation was completed in January 2002, and Ms. Mary Kohn, and Interstate denied the request in August 2002. The second evaluation was requested on Ms. Sarah Bjorn in August 2002, and the request was denied by the Massachusetts Department of Social Services. Prior to leaving Schuylkill County, Ms. Bjorn completed the requested BSU and psychiatric evaluations. Dr. Uzoukwu completed the psychiatric evaluation on July 9, 2001. He prescribed medication, Prozac and bupropion for depression. Ms. Bjorn was referred for counseling at Turning Point, however her participation in counseling services has not been confirmed. She continues to report that she participates in counseling, however to date, she has provided no information as to where she attends, and therefore the agency has been unable to confirm her participation with mental health treatment. Ms. Bjorn has reported that she no longer takes the Prozac as she did not like the side affects. Ms. Bjorn has indicated that she is

self-employed in the home cleaning industry. She has provided a business card to this worker as her proof of employment.

The children visited with their mother on a regular basis prior to Ms. Bjorn's leaving. The three visits were semi-supervised due to the children's behaviors and concern with Ms. Bjorn's ability to deal with them. Since moving to Massachusetts, Ms. Bjorn has had sporadic phone contact with her children.

Children and Youth are recommending continued placement to assure the children's safety. Prior to the family moving to Schuylkill County, the children were in placement in Massachusetts. Although Ms. Bjorn was cooperative with following through with the mental health evaluations, Children & Youth cannot confirm her successful completion or participation in recommended counseling. Ms. Bjorn's current home stability cannot be assessed. She moved frequently while in Schuylkill County and did not maintain an appropriate home long enough for her children to return to her care. She continues to report that the family is moving, although to date, they have not. There is concern that she will continue to place her children at risk, as she does not appear to recognize her leaving the children with Mr. Clark put them at risk or that her frequent moves has a negative impact on her children. At this time the agency is not pursuing adoption for the children, however over the next six months, should Ms. Bjorn not make progress to the extent that the children can return to her custody, they agency will pursue the concurrent plan of adoption.

**RECOMMENDATIONS:** It is the recommendation of Schuylkill County Children and Youth Services that Bryan and Joey continue in placement with the goal of long term.

SWORN AND SUBSCRIBED
before me this 7 day of
January 2004

_[signature]_
Caseworker

_[signature]_
Notary Public

Notarial Seal
Sandra L. Palokas, Notary Public
City Of Pottsville, Schuylkill County
My Commission Expires May 8, 2007

Member, Pennsylvania Association Of Notaries