UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30054-MAP

| | |
|---|---|
| SHEILA A. BJORN<br>   Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| DEPARTMENT OF SOCIAL SERVICES<br>COMMONWEALTH OF PENNSYLVANIA<br>SCHUYLKILL COUNTY CHILDREN & YOUTH<br>SERVICES DIVISION, GERARD J.<br>CAMPBELL, HEIDI MORAN, JOHN<br>WILLIAMS, DENNIS DEVINE<br>   Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANTS' MEMORANDUM IN SUPPORT OF FED. R. CIV. P. 8(A)(2) AND 12(B)(1)(2)(3)(6) MOTION TO DISMISS**

### I. INTRODUCTION

The plaintiff, Sheila A. Bjorn, brings this action pursuant to Title 42 U.S.C. §§ 1983 and 1985(3), Title 28 U.S.C. §§ 1332, 1334, 1651, 2201, 2202 and the United States Constitution, Articles 3, 4, 6, Amendments 1st, 5th, 7th, 8th 9th, 10th, and 14th. For the reasons which follow, the plaintiff fails to state a claim for which relief may be granted and the defendants, therefore, respectfully move this Court to dismiss her claims pursuant to Fed. R. Civ. P. 12(b)(6). In addition, the plaintiff's claim should be dismissed because she failed to comply with Fed. R. Civ. P. 8(a)(2), which requires a short and plain statement of the claim. Further, the plaintiff's claims against the defendants in the above-entitled action should be dismissed on the grounds that this Court lacks general or specific personal jurisdiction or subject matter jurisdiction over the defendants. The defendants all work and reside in Pennsylvania where the alleged injuries and actions took place. The defendants did not transact any business in Massachusetts and the

plaintiff cannot establish that her claims arose out of acts that occurred in Massachusetts. To the extent that the plaintiff has any viable claims against the defendants, which the defendants vigorously dispute, those claims should properly be heard in Pennsylvania. Finally, the Court should dismiss the individually named defendants because they acted solely in their official capacities as employees of the Department of Social Services of the Commonwealth of Pennsylvania, Schuylkill County Children & Youth Services Division ("DSS"). Accordingly, at the very least, this Court should dismiss the plaintiff's claims against the defendants, Gerard J. Campbell, Heidi Moran, John Williams, Dennis Devine and the DSS.

## II.   FACTS

On or about the spring of 2001, the plaintiff, Sheila Bjorn was living with her two sons, Bryan and Joseph, in Pottsville, Pennsylvania where she was employed. *See* Complaint ¶¶ 9-10. Ms. Bjorn invited Kimberly Clarke and William Perez to move into her home to assist her in babysitting her sons while she was working. *See* Complaint ¶ 11. On May 24, 2001, the Pottsville Police and the defendant, Heidi Morgan, an employee at Schuylkill County Children & Youth Services, assumed custody of Bryan and Joseph Bjorn as a result of concerns for their safety within the home of the plaintiff, a concern brought on by the deplorable conditions in the home and because of the plaintiff's relationship with Theodore Clarke, a known perpetrator of abuse in Massachusetts. *See* Complaint ¶12.

The plaintiff alleges that the home was reasonably clean and that Theodore Clarke had been convicted for murder in 1979 and was sentenced to life in prison and therefore, could not have a relationship with the plaintiff. *See* Complaint ¶ 13. Ms. Bjorn also alleges that the facts stipulated as reasons for placement of the Bjorn children in foster care are incorrect and that her sons should be reunited with her. *See* Complaint ¶¶ 14, 16. While her children were still in foster care in Pennsylvania, the plaintiff moved back to Massachusetts.

The DSS and its employees named as defendants have never transacted or solicited business in Massachusetts, nor have they had any other contacts with the Commonwealth. They have not derived revenue from Massachusetts or owned real estate. The only communications that have occurred within the Commonwealth of Massachusetts have been phone calls and/or written correspondence to the plaintiff after her return to Massachusetts regarding the welfare of her sons.

### III. ARGUMENT

#### A. The Plaintiff's Claims Must Be Dismissed For Failure to State a Claim Upon Which Relief May Be Granted.

The subject of domestic relations between parent and child belongs to the laws of the states and not the United States. *Elk Grove Unified School Dist. v. Newdow*, 2004 WL 1300159 (U.S. Jun 14, 2004) (*citing In re Burrus*, 136 U.S. 586, 593-94 (1890). The Supreme Court has acknowledged that federal courts might appropriately decline to hear a case involving "elements of the domestic relationship," in instances such as a child custody case where "'difficult questions of state law bearing on public policy problems of substantial public import whose importance transcends the result in the case at bar.'" *See Ankenbrandt v. Richards*, 504 U.S. 689, 705-706, (1992). The Supreme Court in *Elk Grove* held that only "rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue ...." WL 1300159 at 7.

The plaintiff claims that her constitutional rights have been violated when her children were removed to foster care by the DSS. As a matter of law, these assertions do not rise to the level of a constitutional violation and cannot withstand dismissal under Fed. R. Civ. P. 12(b)(6) because this is not one of those rare instances where it is appropriate for a federal court to involve itself in what is clearly a state issue. What the plaintiff casts as a constitutional violation is really a veiled attempt to reclaim custody of her children, an issue best left to be determined by the

368006

Commonwealth of Pennsylvania. Her complaint constitutes nothing more that blanket assertions of constitutional violations that are completely unsupported by the facts.

The plaintiff fails to allege facts sufficient to show that the DSS' decision to take her children into foster care violated her federal rights. Her claim involves a disputed family law issue and it is more properly heard in Pennsylvania where the alleged incidents occurred. There is no federal question that exists apart from the family law issue and therefore, her claim of a constitutional violation must be dismissed for failure to state a claim upon which relief may be granted.

### B. The Plaintiff's Claims Should Be Dismissed As It Does Not Comply With the Requirements of Fed. Rule Civ. P. 8(a)(2).

Fed. Rule Civ. P. 8()a)(2) requires that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. Rule Civ. P. 8(a)(2)*. The plaintiff's Complaint states many assertions that the DSS acted improperly in removing her children to foster care and numerous arguments as to why the District Court in Massachusetts is the appropriate venue to hear the case. *See* Complaint ¶¶ 12, 16, 25-34. However, the plaintiff fails to make a plain statement of her claim and she does not state adequate reasons why she is entitled to the relief that she is seeking. There is no information provided that specifies the time, place or content of the plaintiff's allegations that her constitutional rights were violated to which the defendants can adequately respond. Therefore, her claim should be dismissed.

### C. The Plaintiff's Claims Are Not Subject to General or Specific Personal Jurisdiction of the Commonwealth of Massachusetts and Therefore Should Be Dismissed.

"In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction 'is the functional equivalent of a state court sitting in the forum state.'" *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir.1995) (quoting *Ticketmaster-New*

*York, Inc. v. Alioto,* 26 F.3d 201, 204 (1st Cir.1994). A United States District Court may subject a defendant to its authority by virtue of general or specific jurisdiction. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,* 290 F.3d 42, 51 (1st Cir.2002) (citations omitted).

General jurisdiction exists when the defendant has engaged in "continuous and systematic activity" in the forum, even if the activity is unrelated to the suit. *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1088 (1st. Cir.1992). That circumstance is clearly absent with the defendants in the instant case. The defendants have not engaged in any activity in this Commonwealth.

There are two questions that must be answered affirmatively in order for this Court to exercise personal jurisdiction over nonresident defendants. First, it must be determined whether the assertion of jurisdiction is authorized by the Massachusetts Long-Arm Statute, M.G.L. c. 223A, § 3. Second, the exercise of jurisdiction under state law must be consistent with the due process requirements of the United States Constitution. *Good Hope Industries, Inc. v. Ryder Scott Co.,* 378 Mass. 1, 5-6 (1979). The plaintiff bears the burden of proof when personal jurisdiction has been challenged. *Sawtelle,* 70 F.3d at 1387.

The Massachusetts Long-Arm Statute provides, in pertinent part, that:

> "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's:
> (a) transacting any business in this Commonwealth;
> (b) [omitted]
> (c) causing tortuous injury by an act or omission in this Commonwealth;
> (d) causing tortuous injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth.

*(M.G.L. c. 223A, §3(a)(c)(d)).*

In the instant case, the plaintiff cannot meet her burden of establishing personal jurisdiction over any of the defendants. In order to establish personal jurisdiction arising from a

368006

person's transacting any business, the defendants must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from the transaction of that business. *Tatro v. Manor Care, Inc.* 416 Mass. 763 (1994). The defendants have never transacted business in Massachusetts and the plaintiff's claim clearly does not arise from or relate to any transaction that occurred in Massachusetts. The plaintiff is claiming jurisdiction solely on the basis that she is a resident of the Commonwealth. Yet the plaintiff's alleged claims arise from actions that occurred exclusively in Pennsylvania.

Additionally, the defendants are employees of the DSS whose responsibilities include the oversight of children in the specific geographic area of Schuylkill County in Pennsylvania. Their actions and activities are strictly contained within the boundaries of that county. Since the defendants' authority does not extend to Massachusetts, the plaintiff cannot establish that her cause of action against them arises from their causing tortuous injuries by acts or omissions in Massachusetts or that the defendants committed tortuous acts outside the Commonwealth which had an effect in Massachusetts because they have never "done or solicited business, or engaged in any other persistent course of conduct, or derived revenue from Massachusetts."

In addition to convincing this Court that the Long-Arm Statute authorizes it to exercise jurisdiction over the defendants, the plaintiff must demonstrate that the exercise of such jurisdiction would be constitutional. Under the circumstances presented in this case, she cannot. The First Circuit utilizes a three part analysis to make this determination. *Sawtelle*, 70 F 3d. at 1388-1389. Under this analysis, the exercise of personal jurisdiction will be considered constitutional if: (1) the claim underlying the litigation arises directly out of, or relates to, the defendants' forum state activities; (2) the defendants' in-state contacts represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws; or (3) the exercise of jurisdiction must, in light of

certain "gestalt" factors, be reasonable. *Id.* at 1389. The plaintiff is unable to establish any of the three prongs.

To satisfy the relatedness requirement, an action must arise directly out of the "specific contacts between a defendant and the forum state." *Id.* Here, the plaintiff can claim no nexus between her claim and the defendants' supposed contacts with Massachusetts because the defendants have not had *any* contact with this Commonwealth. The alleged injuries suffered by the plaintiff occurred in Pennsylvania while she was residing there with her two children. While the defendants may have maintained contact with the plaintiff after she moved to Massachusetts through telephone calls and written correspondence, the actions taken by the defendants relating to the plaintiff's claim all occurred in Pennsylvania.

The plaintiff cannot establish that the defendants purposefully availed themselves of the privileges of conducting activities in Massachusetts. In order to purposefully avail oneself of a forum state's privileges, a defendant's availment must be voluntary and the consequences of such availment foreseeable. *Sawtelle,* 70 F.3d at 1392-1395. The exercise of personal jurisdiction over a non-resident defendant is "foreseeable" and will comport with constitutional requisites when the defendant has established a continuing obligation between itself and the forum state. *Id.* at 1494. The defendants never established continuing obligations between themselves and the Commonwealth of Massachusetts. In fact, none of them has ever conducted any activities in Massachusetts.

Finally, the plaintiff cannot establish that the exercise of jurisdiction over the defendants is reasonable. Even if she could establish that they had sufficient contacts with Massachusetts, that her claims against them arose out of, or were related to those contacts, and they had purposefully availed themselves of certain privileges extended by the Commonwealth of

368006

Massachusetts, which she cannot, it would be inappropriate for this Court to exercise jurisdiction over them.

Courts considering the constitutionality of their exercise of personal jurisdiction over non-resident defendants must consider certain "gestalt" factors. They must consider: (1) the defendants' burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interest of all sovereigns in promoting substantive social policies. *Sawtelle*, 70 F.3d at 1394. In this case, the burden on the defendants of appearing in Massachusetts is tremendous and unreasonable, considering the fact that all of the defendants live and work in Pennsylvania. Also, Massachusetts' interest in adjudicating this dispute which arose out of events that occurred in Pennsylvania is minimal at best. Since all of the alleged tortuous conduct occurred in Pennsylvania and all the potential witnesses reside in that state, the judicial system's interest in obtaining the most effective resolution of the instant controversy would best be served by having the plaintiff's case heard in a Pennsylvania court.

In considering the actual burden on the defendants, the Supreme Court has looked beyond the "number of miles the defendant must travel to the courtroom" and, instead, analyzes the "mobility of the defendant's defense." *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 301 (1980). Where, as in the instant case, having to travel to a foreign forum would hamper the defense because all the defendants and witnesses and evidence would have to be transported, the Constitution should allow special consideration for the defendant's interests. *Id.*

Of the five "gestalt" factors, the only one possibly weighing in favor of this Court's exercise of jurisdiction is the plaintiff's interest in obtaining convenient relief. That interest is clearly outweighed by the interests of the five named defendants who reside in Pennsylvania.

### C. The Plaintiff's Claims Should Be Dismissed on the Grounds of *Forum Non Conveniens.*

"When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just." *M.G.L. c. 223A, §5.* The decision to refuse to hear a case on the grounds of *forum non conveniens* is left to the discretion of the trial court. *Kearsarge Metallurgical Corp. v. Peerless Ins. Co.,* 383 Mass. 162 (1981). A plaintiff's choice of forum should only be disturbed when the balance of both private and public factors strongly favor the defendant's motion. *Green v. Manhattanville College,* 40 Mass. App. Ct. 76, 79 (1996). The balancing decision "depends greatly on the specific facts of the proceeding." *W.R. Grace & Co. v. Hartford Acc. & Indem. Co.,* 407 Mass. 572, 577 (1990).

The Massachusetts Appeals Court in *Green* considered "ease of access to proof, the availability of compulsory process, and the cost of attendance of witnesses" as factors in its *forum non conveniens* analysis. In the instant case, all matters complained of by the plaintiff occurred in Pennsylvania. In addition, all of the prospective witnesses and any contemporaneous records made of the events would found in Pennsylvania. Ease of access to proof and the costs associated with witnesses' attendance favor trial in Pennsylvania and if compulsory process is needed to obtain the presence at trial of particular witnesses, it is most likely to be available only through Pennsylvania courts.

### D. The Plaintiff's Claims Are Not Subject to Subject Matter Jurisdiction in the Commonwealth of Massachusetts and Therefore, Should Be Dismissed.

Under the applicable venue statute, 28 U.S.C. § 1391, actions commenced exclusively pursuant to a federal court's diversity jurisdiction may be commenced only in one of the following judicial districts:

(1) a judicial district where any defendant resides, if all defendants reside in the same State.

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced.

If an action is brought pursuant to a federal question claim then it can only be commenced in a judicial district where any defendant resides, a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a judicial district in which any defendant may be found. *28 U.S.C. §1391.*

In the instant case, all the defendants are residents of Pennsylvania, all of the alleged events and omissions occurred in Pennsylvania, and none of the defendants are subject to personal jurisdiction in Massachusetts. Therefore, the plaintiff has no claim of venue in the Commonwealth of Massachusetts and pursuant to Fed. Rule Civ. P. 12(b)(3), her claim must be dismissed.

### E. The Individually Named Defendants Should Be Dismissed Because They Were Acting in Their Official Capacities as Employees of the Pennsylvania Department of Social Service.

The so-called Massachusetts Tort Claims Act, M.G.L. c. 258, authorizes recovery against a public employer for the negligent or wrongful acts of public employees. A public employee is an elected or appointed employee or officer of any public employer and a public employer is defined as "the commonwealth and any county, city, town ..." including any department, or division thereof. *M.G.L. c. 258, §1.* A public employee is immune from liability for acts performed while acting within the scope of his employment. *M.G.L. c. 258, §2, Dupre v.*

368006

*Falcone,* 1995 WL 809054 (Mass. Super.) Thus, a plaintiff cannot recover against a public employee individually if that individual was acting within the scope of his employment. *Id.*

M.G.L. c. 258 is modeled closely on the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* (1982), and cases interpreting that Federal statute similarly refer to the state law of *respondeat superior. Howard v. Town of Burlington,* 399 Mass. 585, 589 (1987). The general *respondeat superior* test considers whether the act of the employee was within the course of employment, and in furtherance of the employer's work. *See Miller v. Federated Dep't Stores, Inc.,* 364 Mass. 340 (1973). The Federal courts have referred to the applicable State law of *respondeat superior* in determining the scope of employment under the Federal statute. *Howard,* 399 Mass. at 590. In applying Massachusetts law to the instant case, the individually named defendants would not be liable for any actions taken while in the course of employment.

The defendants, Gerard J. Campbell, Heidi Moran, John Williams and Dennis Devine are public employees pursuant to M.G.L. c. 258, §1, who are employed by the DSS. The DSS is a public employer as it is an agency that is managed and funded by the Commonwealth of Pennsylvania. Gerard Campbell is the Executive Director of the DSS, Dennis Devine is a caseworker employed by the DSS, and Heidi Moran and John Williams are employees of the DSS. Any interactions or involvement that the defendants had with the plaintiff and her children were undertaken in their official capacities as employees of the DSS. Therefore, this Court should dismiss the individually named defendants.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, the defendants, Gerard J. Campbell, Heidi Moran, John Williams, Dennis Devine and the Department of Social Services of the Commonwealth of Pennsylvania, Schuylkill County Children & Youth Services Division respectfully request that this Court dismiss the plaintiff's claims against them.

## V. REQUEST FOR ORAL ARGUMENT

The defendants respectfully request oral argument as to this motion.

Respectfully submitted,

THE DEFENDANTS
DEPARTMENT OF SOCIAL SERVICES
COMMONWEALTH OF
PENNSYLVANIA SCHUYLKILL
COUNTY CHILDREN & YOUTH
SERVICES DIVISION, GERARD J.
CAMPBELL, HEIDI MORAN, JOHN
WILLIAMS, DENNIS DEVINE

By_____
Jeffrey L. McCormick, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 329740

## CERTIFICATE OF SERVICE

I, Jeffrey L. McCormick, Esq., hereby certify that on this 21st day of June, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to Sheila A. Bjorn, 20 Falvey Street, West Springfield, MA 01089.

Subscribed under the penalties of perjury.

_____
Jeffrey L. McCormick, Esq.

368006