UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA A. BJORN )
    Plaintiff )
) CIVIL ACTION No.04-30088-MAP
)
vs. )
)
)
DEPARTMENT OF SOCIAL SERVICES )
COMMONWEALTH OF PENNSLYVANIA )
SCHUYLKILL COUNTY CHILDREN & )
YOUTH SERVICES DIVISION, GERARD J. )
CAMPBELL, HEIDI MORAN, JOHN )
WILLIAMS, DENNIS DEVINE )
    Defendants )

PLAINTIFF SHEILA A. BJORN'S MEMORANDUM OF LAW SHOWING WHY THE DEFENDANTS' MOTION TO DISMISS SHOULD BE DISMISSED AND WHY SHE SHOULD PREVAIL IN THIS CIVIL ACTION.

I INTRODUCTION

1.  Plaintiff, Sheila A. Bjorn, (hereinafter referred to as "Bjorn") brings this action pursuant to Title 42 Sections 1983 and 1985(3); Title 28 U.S.C.S., section 1332 et seq., subsections (a)(1)(2)(3)(4); sections 1343, 1651, 2201, 2202; United States Constitution, Articles 3 et seq., 4 et seq., 6 et seq.; Amendments $1^{st}, 5^{th}, 7^{th}, 8^{th}, 9^{th}, 10^{th}$ and 14th.

2.  For the following reasons the defendants' motion to dismiss should be dismissed and Bjorn should prevail in this matter

II FACTS

3..  Bjorn is proceeding Pro se and as such her pleadings should be construed liberally. See Haines v. Kerner, 404 U.S.519,520-21, 92 S.Ct.595-96(1972).

4   In the first paragraph of her introduction, in compliance with the requirements of FED.R.CIV.P.8(a)(2), she contains a "short and plain statement of the claim showing

that she is entitled to relief.." As she is not an attorney she may not have positioned the statement as an attorney would.

5. The defendants claim that I failed to state a claim upon which relief can be granted is untrue. Each and every claim I made is for relief that can be granted. The defendants have deprived me of my property, to wit, my children using untruths as a basis for this deprivation. The defendants assert that Theodore Clark resided with me while I was living in Pottsville, Pennslyvania. Theodore Clark(possibly spelled "Clarke) was a child molester who was sentenced to life in prison and was incarcerated at Wallpole State Prison in Wallpole Massachusetts during the entire time I lived in Pennslyvania. I forwarded this information to the defendants several times but they refused to ascertain whether or not he was incarcerated. Employees of the Department of Social Services are required to ascertain the truth. For some unknown reason the defendants, all employees of the Department of Social Services and its subsideries, do not wish to ascertain the truth in this matter but rather advance un truths to the State Courts in order to obtain the dispositions they seek. It is a Federal Offense to advance false statements to a Court. As the Department of Social Services of the Commonwealth is "Cory Approved" it has the ability to request the proper records from Wallpole State Prison. I do not have this ability. Some time ago I sent a letter to Theodore F. Clarke at Wallpole State Prison and received a reply which letter contained information about his family that only he would know. I ascertained that the information he gave was true and at the same time ascertained his whereabouts for more than ten years previous. The Court could order my children returned to me after ascertaining that the reasons for taking them from me are not true.

6 The defendants' aver my claim is not subject to general, specific personal or subject matter jurisdiction. This is untrue. In my complaint I averred it was subject to specific jurisdiction. Specific jurisdiction is jurisdiction that stems from the defendants' having certain minimum contacts with the forum state so that the court may hear a case whose issues arise from those minimum contacts. The defendants aver they have contacted the Department of Social Services of the Commonwealth of Massachusetts several times requesting approval of an interstate compact which would allow the transfer of the Bjorn Children to Massachusetts but were denied. They aver Mr. David Butler of the Massachusetts Department of Social Services (hereinafter referred to as "MDSS") was their contact. There is no doubt the defendants had minimum contacts with the forum state over a period of time. As the defendants will not return the children to Sheila A. Bjorn (hereinafter referred to as "Bjorn) unless the MDSS accepts the children and the fact the MDSS will not accept them it appears this action must originate in Massachusetts Also, as defendant, Dennis Devine, stated to Bjorn that he has telephoned the MDSS for their cooperation in this matter, it appears he has had much contact with the forum state and expects their assistance. Employees of the Springfield Division of the MDSS have contacted Bjorn telling her they have received calls from Dennis Devine regarding this matter. The existence of specific personal jurisdiction depends upon Bjorn's ability to satisfy two cornerstone conditions which Bjorn can satisfy: First, the forum in which the Federal District Court sits has a long-arm statute that purports to grant jurisdiction over the defendants; and second the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution. In addition I aver the Court's assertion of personal jurisdiction over the defendants is authorized under the long-arm statute as

each defendant is continuously causing tortuous injury in this Commonwealth by his or her act or omission outside this Commonwealth; and as the defendants state they are continuously dealing with MDSS concerning the interstate compact in the matter at bar.

7. All of the witnesses in this action do not live in Pennslyvania as some live in Massachusetts, perhaps nearly 50% of the potential witnesses. More than half of the evidence used in this case will emit from Massachusetts. Therefore, this action should not be dismissed as more than half of the witnesses and evidence will available in the forum state. It is very possible that only three or four witnesses would be from Pennslyvania.

8. I have filed suit against the defendents in both their official and personal capacities. They should not be automically dismissed in either capacity. The eleventh Amendment to the Constitution bars a private party from suing the United States and its political subdivisions if it results in a judgment which must be paid from public funds in the treasury. Absent waiver, the 11th Amendment bars damage suits against a state and state officials in their official capacities when damages will have to be paid with state funds, however it does not bar a damage suit in their personal capacities. The source of the money needed to pay the damages id the dominating factor. In West v. Keve, 571 F2d 158 (1978) the United States District Court for the District of Deleware dismissed the complaint. The Court of Appeals, Van Dusen, Circuit Judge, held in part that damage claim was improperly dismissed as it sought damages against defendants in their official capacities where there was an issue as to whether state had waived its 11th Amendment immunity by causing itself to be insured against loss from claim. Reversed and Remanded. 18 Del. C. sec.6511; USCA Amends 8, 11.

9. I have alleged since my children that the defendants had knowledge of policies that led to a deprivation of my rights. The fact they would not research the truth from a reliable source [the state] proves their intentions. In Hafer v. Melo 912 F 2d 628 (3rd Cir. 1990) states "in suit against state officials in their personal capacity where plaintiff seeks recovery from personal assets of individual person (official), state is not a real party in interest, and suit is not barred by the 11th Amendment. U.S.C.A. Const. Amend 11. See Will v. Michigan Dept. of State Police 491 US 58 105 L Ed 2d 45, 109 S.Ct. 2304 (1989)

10. Section I Introduction Line 11 from "The Defendants through line 12 is untrue as contacting the MDSS for the purpose of transferring Bjorn's children to Massachusetts is considered doing business in Massachusetts as the Defendants' function is making arrangements for the transfer of children to better home conditions anywhere in the United States. Thus, in this case they had to do business with MDSS over one or more years. Evidence accessable to Bjorn attest to this fact... Section II, paragraph 3 is untrue with the exception of the fact the defendants might not own any property in Massachusetts nor has any paychecks been derived from any departments of the Commonwealth of Massachusetts

### III ARGUMENT

#### A

11. The subject matter of the argument in paragraph one does not apply to this matter as there are no domestic relation concerns between Bjorn and her children. They call her and ask when they can come home with their brothers and sisters. As such paragraph one is not an argument that should be addressed in this matter. In Paragraph two Bjorn has

rightfully stated that her Constitutional Rights have been violated. There is no disputed family law issues and the evidence proves this fact. The defendants believe they can do whatever they please whenever they wish. In this matter they acted upon false information. When they were appraised of the true facts, they felt that as a state agency their acts would not be questioned. In this case their beliefs proved incorrect. The defendants have abundant information, some of which is contained in the affidavit of Dennis Devine attached to Bjorn's complaint which specifies the time, place and content of the concerns of the defendants in section "B" of their argument which information is included in her complaint. The defendants have not disputed the fact that Theodore Clark was incarcerated at the time the Bjorn children were taken from their mother. They invented this untruth in order to accomplish their unlawful acts. Advancing this untruth to the Courts to accomplish their goal is not only perjury but it is a test of the Courts as to the False Statement Act. This case does not contain "elements of domestic relationship". Bjorn is attempting to reclaim custody of her children. It is no veiled attempt. The only veiled attempt is the defendants attempt to veil their act of kidnapping Bjorn's children using an untruth to cover their act. This case should be heard in the criminal side of the Court rather than the civil side. The defendants memorandum of Law contains nothing more than blank assertions unsupported by facts. They have not disputed the fact their actions resulted from untruths regarding facts that created their acts.

12. In their argument, the defendants argue that this Court has no jurisdiction to hear Bjorn's case. Above in this response Bjorn has successfully argued that this Court has proper jurisdiction to hear this matter. Bjorn is not claiming jurisdiction solely on the basis that she lives in Massachusetts. The most important witnesses are from the

Massachusetts Department of Correction which witnesses can ascertain the truth of the matter.

13. The defendants are presently causing tortuous acts outside the Commonwealth which have an effect in Massachusetts, a fact which is presently proven beyond doubt and will be proven, if necessary, at trial.

14. Juisdiction has been amply discussed above and is clearly warranted in this matter. See Good Hope Industries, Inc. vs. Ryder Scott 378 Mass. (1979). In this case Bjorn has met the burden of proof in establishing personal jurisdiction as discussed above. The defendants' in-state contacts represent a purposeful availment of the privilege of conducting activities in the forum state in this case as due to their type of employment, they provide the same abilities in every state.

15. As to the relatedness requirement, the defendants state, if MDSS had agreed to accept the children there would not need to be any hearings or court matters. Each Department of Social services should have adhered to the Order of the Court from Massachusetts agreed to when the children were permitted to go to Pennslyvania> Pennslyvania agreed to comply with it. This agreement purposefully availed the defendants of certain privileges extended by the Commonwealth of Massachusetts. Agreeing tp the above agreement between the states automatically resolved all burdens and interests contained in the Gestalt Factors. To eliminate burdensome factors the forum state made the defendants agree to the "Order of Court issued by Massachusetts. There is complete ease in conforming to this Order of Court and the cost is minimal. In the instant case all positive proof is contained in the forum state.

16. As this case proceeds it will be obvious that ease of access to positive proof and costs associated with witnesses attendance favor trial in Massachusetts.

17. As to Subject Matter Jurisdiction, under applicable venue statute 28 U.S.C. sec. 1391 actions commenced in a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced. As two additional defendants are about to be served, who are presently known as John Doe, and live in Massachusetts the forum state is proper venue

## IV CONCLUSION

WHEREFORE, for the foregoing reasons the defendants' motion to dismiss should be dismissed and Bjorn should be allowed to prove at trial, if necessary that her children were improperly take from her due to untruths advanced to the Court by the defendants.

Respectfully submitted
By the Plaintiff, Pro se

Sheila A. Bjorn, Pro se
20 Falvey Street,
West Springfield, MA 01089
Phone 413-788-9478

## CERTIFICATE OF SERVICE

I hereby certify that on this day I had delivered to Jerrrey L. McCormick, Esq., 1500 Main Street, Suite 1600, Springfield, MA 01115 by Us Mail, Postage prepaid.

Subscribed under the penalties of perjury

Sheila A. Bjorn